UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH WROMAS, JR.,

      Plaintiff,

v.                                                      Case No. 3:26cv632-MW-HTC

Z. SCRUGGS,
OFFICER WENTZ,
FENDALSON,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Keith Wromas, Jr., a prisoner at Okeechobee Correctional Institution at the time he filed this suit on January 6, 2026,[1] filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging an excessive use of force while Wromas was a prisoner at Santa Rosa Correctional Institution in 2023. Doc. 1. Wromas did not pay the $405.00 filing fee. After reviewing Wromas' complaint and litigation history, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g) because Wromas is a three-striker who failed to pay the full filing fee and for Wromas' failure to truthfully disclose his litigation history.

---

[1] Wromas filed a Notice of Change of Address on January 26 – while he was still at Okeechobee CI – indicating that he would be moving to a non-FDOC address in Miami. Doc. 4. The FDOC Corrections Offender Network online records indicate that Wromas was released on January 28, 2026. Available at https://pubapps.fdc.myflorida.com/OffenderSearch/Search.aspx.

## I.    THREE-STRIKER STATUS

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding IFP under

certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in
> a civil action or proceeding under this section if the prisoner has, on 3
> or more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state
> a claim upon which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.

A prisoner who is barred from proceeding IFP must pay the filing fee at the

time he initiates his lawsuit, and his failure to do so warrants dismissal of his case

without prejudice.  *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir.

2001) (stating that after three meritless suits, a prisoner must pay the full filing fee

at the time he initiates suit).  The only exception is if the prisoner alleges he is "under

imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *see also Brown

v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004).

The three-strike rule (28 U.S.C. 1915(g)) applies to Wromas because he was

a prisoner when he filed this action, regardless of his later change in status.  *See

Thompson v. Adkinson*, No. 3:17CV132-LC-HTC, 2020 WL 592343, at *4 (N.D.

Fla. Jan. 15, 2020) (citing *Harris v. City of New York*, 607 F.3d 18, 22 (2d Cir. 2010)

(applying § 1915(g) to plaintiff even though plaintiff had been released after the

complaint was filed)), *report and recommendation adopted*, No. 3:17CV132-LC-

HTC, 2020 WL 586864 (N.D. Fla. Feb. 6, 2020), *aff'd*, 861 F. App'x 806 (11th Cir. 2021).

Wromas is a three-striker. In September and October of 2025, Wromas had three cases dismissed for failure to state a claim. *Wromas v. Food Service Director, et al.*, 2:25-cv-14288-JB (S.D. Fla.) (closed 09/04/2025: "For the reasons discussed below, the Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted."); *Wromas v. Dougan, et al.*, 2:25-cv-14289-RS (S.D. Fla.) (dismissed on 09/18/2025: "Plaintiff Has Failed to State a Claim Against the Defendants in their Official Capacities" and "Plaintiff Has Failed to State a Claim Against the Defendants in their Individual Capacities"); *Wromas v. Cuveilje, et al.*, 2:25-cv-14315-WPD (S.D. Fla.) (dismissed on 10/27/2025: "The Plaintiff's Amended Complaint [ECF No. 12] is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief can be granted.").

Moreover, Wromas has not shown he is in imminent danger of serious physical injury. His allegations relate only to conduct that occurred in the past. Doc. 1. Complaints about past threats are insufficient to meet the imminent danger exception to § 1915(g). *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to

the imminent danger exception to the statute."); *see generally Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (finding the word "imminent" in the statute to indicate congressional intent to prevent only "impending harms, not those harms that had already occurred"), *cert. denied*, 533 U.S. 953 (2001).

Because Wromas' allegations do not show he is in imminent danger of serious physical injury, he is precluded from proceeding IFP and his complaint should be dismissed under § 1915(g) for failing to pay the filing fee with the initiation of this action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

## II.    FAILURE TO DISCLOSE

As an additional and independent basis for dismissal, Wromas also failed to truthfully disclose his litigation history on the complaint form he submitted to the Court.  The form specifically advised Wromas to "err on the side of caution" and that a failure to disclose "all prior state and federal cases" "may result in a dismissal of this case."  *Id.* at 9.

In Question VIII.A., he was directed to disclose any federal cases he filed previously which were dismissed as frivolous, as malicious, for failure to state a

claim or simply prior to service. In response, he listed only partial, incorrect information about three cases. First, he listed a Southern District case "21-20706 DPG" which was dismissed on July 10, 2025. Doc. 1 at 10. However, a CM/ECF search of the Southern District dockets reveals no such case. Second, he lists 21-11824 and 20-11433 as being in the Northern District and Southern District, respectively. No such cases exist, but the Court notes that these are the case numbers of Wromas' two appeals in the Eleventh Circuit. He disclosed no other cases as being dismissed for failure to state a claim or dismissed prior to service.

However, as noted above, he had accrued three dismissals for failure to state a claim and failed to disclose them under Question VIII.A. Also, Wromas failed to identify eight other cases which were dismissed prior to service in response to Question VIII.A. Although Wromas identified seven of those cases in response to Question VIII.C., which asks about cases that challenge his conviction or his conditions of confinement, that is not sufficient. Each question in the complaint form serves a different purpose. *See Jackson v. Fla. Dep't of Corrs.*, 491 F. App'x 129, 132 (11th Cir. 2012) (affirming dismissal without prejudice when Plaintiff failed to truthfully disclose his litigation history by completely omitting one case and by failing to disclose another case even though it was cited elsewhere in the complaint form).

Also, upon independent investigation, the Court takes judicial notice that Wromas also filed the following action, *Wromas v. Dougan, et al.*, 2:25-cv-14442-AHS (S.D. Fla.), which was dismissed prior to service and dealt with the conditions of his confinement, but he failed to disclose it anywhere in his complaint.

Despite these omissions, Wromas signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 13. District courts have the inherent power to dismiss a suit based on a plaintiff's failure to truthfully disclose his litigation history. *See McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025). As one judge in this District has stated, "[i]f the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch, et al.*, No. 4:19cv191-RH-HTC, Doc. 52 at 1–2 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(g) because Wromas is a three-striker who failed to pay the full filing fee and also under this Court's inherent power for Wromas' failure to truthfully disclose his litigation history.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of February, 2026.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.